UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

SHANNON DUNHAM,                    )
                                   )   No. CV-08-233-CI
          Plaintiff,               )
                                   )
v.                                 )   ORDER GRANTING PLAINTIFF'S
                                   )   MOTION FOR SUMMARY JUDGMENT
MICHAEL J. ASTRUE,                 )   AND REMANDING FOR ADDITIONAL
Commissioner of Social             )   PROCEEDINGS PURSUANT TO
Security,                          )   SENTENCE FOUR 42 U.S.C. §
                                   )   405(g)
          Defendant.               )
                                   )
                                   )

          BEFORE THE COURT are cross-Motions for Summary Judgment (Ct. Rec. 10, 13.)  Attorney Maureen J. Rosette represents Plaintiff; Special Assistant United States Attorney David J. Burdett represents Defendant.  The parties have consented to proceed before a magistrate judge.  (Ct. Rec. 4.)  After reviewing the administrative record and briefs filed by the parties, the court **GRANTS** Plaintiff's Motion for Summary Judgment and **DENIES** Defendant's Motion for Summary Judgment.

                          **JURISDICTION**

          Plaintiff Shannon Dunham (Plaintiff) filed for social security income (SSI) on July 1, 2004.  (Tr. 18.)  Benefits were denied initially and on reconsideration.  (Tr. 64, 67.)  Plaintiff requested a hearing before an administrative law judge (ALJ), which was held before ALJ John R. Hood on January 31, 2007.  (Tr. 344-69.)  Plaintiff was represented by counsel and testified at the hearing.  (Tr. 350-68.)  Medical expert Allen D. Bostwick, Ph.D., also testified.  (Tr.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -1

345-50.)  A supplemental hearing was conducted by ALJ Richard A. Say on June 27, 2007.  (Tr. 372-85.)  Plaintiff and vocational expert Tom Moreland testified.  (Tr. 375-85.)  The ALJ denied benefits (Tr. 18-29) and the Appeals Council denied review.  (Tr. 6.)  The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

### STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcripts, and record, and will therefore only be summarized here.

At the time of the first hearing, Plaintiff was 33 years old. (Tr. 350.)  Plaintiff attended school through the tenth grade and obtained a GED.  (Tr. 351-52.)  She worked in telemarketing, sales, and as a real estate assistant and agent.  (Tr. 352.)  She testified that she last worked in 2002 as a real estate agent.  (Tr. 352.)  She stopped working as a real estate agent because she divorced and moved. (Tr. 353.) Plaintiff was hospitalized for bipolar disorder, psychosis and depression.  (Tr. 353.)  Her symptoms include depression, hallucinations, anxiety, and panic attacks.  (Tr. 354-55.)  Plaintiff has a history of drug and alcohol abuse but testified that she quit in June 2006.  (Tr. 354.)  She had negative urinalysis tests in November 2006 and January 2007.  (Tr. 121, 366.)

### STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision.  42 U.S.C. § 405(g).  A court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. See *Jones v. Heckler,* 760 F. 2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F. 3d 1094, 1097 (9th Cir. 1999).  "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -2

findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan,* 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services,* 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze,* 348 F.2d 289, 293 (9th Cir. 1965). On review, the court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Services,* 839 F.2d 432, 433 (9th Cir. 1988). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the

1  Commissioner is conclusive.  *Sprague v. Bowen*, 812 F.2d 1226, 1229-
2  1230 (9th Cir. 1987).

3  <center>**SEQUENTIAL PROCESS**</center>

4      The Social Security Act (the "Act") defines "disability" as the
5  "inability to engage in any substantial gainful activity by reason of
6  any medically determinable physical or mental impairment which can be
7  expected to result in death or which has lasted or can be expected to
8  last for a continuous period of not less than twelve months."  42
9  U.S.C. §§ 423 (d)(1)(A), 1382c (a)(3)(A).  The Act also provides that
10  a Plaintiff shall be determined to be under a disability only if his
11  impairments are of such severity that Plaintiff is not only unable to
12  do his previous work but cannot, considering Plaintiff's age,
13  education and work experiences, engage in any other substantial
14  gainful work which exists in the national economy.  42 U.S.C. §§
15  423(d)(2)(A), 1382c(a)(3)(B).  Thus, the definition of disability
16  consists of both medical and vocational components.  *Edlund v.*
17  *Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

18      The Commissioner has established a five-step sequential
19  evaluation process for determining whether a claimant is disabled.  20
20  C.F.R. §§ 404.1520, 416.920.  Step one determines if he or she is
21  engaged in substantial gainful activities.  If the claimant is engaged
22  in substantial gainful activities, benefits are denied.  20 C.F.R. §§
23  404.1520(a)(4)(I), 416.920(a)(4)(I).

24      If the claimant is not engaged in substantial gainful activities,
25  the decision maker proceeds to step two and determines whether the
26  claimant has a medically severe impairment or combination of
27  impairments.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If
28  the claimant does not have a severe impairment or combination of

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -4

1    impairments, the disability claim is denied.

2        If the impairment is severe, the evaluation proceeds to the third

3    step, which compares the claimant's impairment with a number of listed

4    impairments acknowledged by the Commissioner to be so severe as to

5    preclude    substantial    gainful    activity.    20    C.F.R.    §§

6    404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404, Subpt. P, App.

7    1.  If the impairment meets or equals one of the listed impairments,

8    the claimant is conclusively presumed to be disabled.

9        If the impairment is not one conclusively presumed to be

10   disabling, the evaluation proceeds to the fourth step, which

11   determines    whether    the    impairment    prevents    the    claimant    from

12   performing work he or she has performed in the past.  If plaintiff is

13   able to perform his or her previous work, the claimant is not

14   disabled.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  At

15   this    step,    the    claimant's    residual    functional    capacity    ("RFC")

16   assessment is considered.

17       If the claimant cannot perform this work, the fifth and final

18   step in the process determines whether the claimant is able to perform

19   other work in the national economy in view of his or her residual

20   functional capacity and age, education and past work experience.  20

21   C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482

22   U.S. 137 (1987).

23       The initial burden of proof rests upon the claimant to establish

24   a *prima facie* case of entitlement to disability benefits.  *Rhinehart*

25   *v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d

26   1111, 1113 (9th Cir. 1999).  The initial burden is met once the

27   claimant establishes that a physical or mental impairment prevents him

28   from engaging in his or her previous occupation.  The burden then

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -5

shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful activity, and (2) a "significant number of jobs exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

A finding of "disabled" does not automatically qualify a claimant for disability benefits. *Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001.) When there is medical evidence of drug or alcohol addiction, the ALJ must determine whether the drug or alcohol addiction is a material factor contributing to the disability. 20 C.F.R. §§ 404.1535(a), 416.935(a). It is the claimant's burden to prove substance addiction is not a contributing factor material to her disability. *Parra v. Astrue*, 481 F.3d 742, 748 (9th Cir. 2007).

If drug or alcohol addiction is a material factor contributing to the disability, the ALJ must evaluate which of the current physical and mental limitations would remain if the claimant stopped using drugs or alcohol, then determine whether any or all of the remaining limitations would be disabling. 20 C.F.R. §§ 404.1535(b)(2), 416.935(b)(2).

### ALJ'S FINDINGS

At step one of the sequential evaluation process, the ALJ found Plaintiff has not engaged in substantial gainful activity since July 1, 2004, the application date. (Tr. 18.) At step two, he found Plaintiff has the severe impairments of substance use and schizo-affective disorder, bipolar type. (Tr. 21.) At step three, the ALJ found Plaintiff's impairments, including the substance use disorder, meet sections 12.03 and 12.09 of 20 C.F.R. Part 404, Subpt. P, App. 1. (Tr. 21.)

1    Because there is medical evidence of substance abuse, the ALJ

2 then conducted the sequential evaluation process without the effects

3 of substance use.  The ALJ determined that if Plaintiff stopped the

4 substance use, Plaintiff would continue to have a severe impairment or

5 combination of impairments. (Tr. 22.)  The ALJ further found that if

6 Plaintiff stopped the substance use, Plaintiff would not have an

7 impairment or combination of impairments that meets or medically

8 equals any of the impairments listed in 20 C.F.R. Part 404, Subpt. P,

9 App. 1.  (Tr. 22.)  Next, the ALJ determined:

10         If the claimant stopped the substance use, the claimant
           would have the residual functional capacity to perform a
11         full range of work at all exertional levels but with the
           following nonexertional limitations: The claimant can read,
12         write, and perform math at a simple level.  The claimant is
           capable of superficial contact with the general public and
13         co-workers.

14 (Tr. 23.)  At step four, the ALJ found Plaintiff is unable to perform

15 past relevant work, even if Plaintiff stopped the substance use.

16 (Tr. 27.)  After taking into account Plaintiff's age, education, work

17 experience, residual functional capacity and the testimony of a

18 vocational expert, the ALJ found there would be a significant number

19 of jobs in the national economy that the Plaintiff could perform, if

20 Plaintiff stopped the substance use.  (Tr. 27.)  The ALJ then

21 determined that Plaintiff's substance use disorder is a contributing

22 factor material to the determination of disability. (Tr. 28.)  Thus,

23 the ALJ concluded Plaintiff has not been under a disability as defined

24 in the Social Security Act at any time from the date the application

25 was filed through the date of the decision. (Tr. 28.)

26                              **ISSUES**

27    The question is whether the ALJ's decision is supported by

28 substantial evidence and free of legal error.  Specifically, Plaintiff

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -7

asserts the ALJ erred by: (1) failing to set forth all of the limitations assessed by a psychologist whose opinion was credited by the ALJ; (2) improperly rejecting the opinion of an examining psychologist. (Ct. Rec. 11 at 11-14.)  Defendant argues the ALJ adequately addressed the psychological opinion evidence. (Ct. Rec. 14 at 7-10.)

<div align="center">

**DISCUSSION**

</div>

**1.   Dr. Rosekrans**

Plaintiff argues the ALJ did not supply legally sufficient reasons for rejecting the opinion of Dr. Rosekrans, an examining psychologist. (Ct. Rec. 11 at 13.)  Dr. Rosekrans completed a DSHS Psychological/Psychiatric Evaluation form and a narrative psychological assessment on June 8, 2006. (Tr. 230-41.)  Dr. Rosekrans diagnosed schizoaffective disorder, bipolar type, and assessed four moderate and two marked limitations. (Tr. 239-40.) The ALJ assigned little weight to the opinion. (Tr. 26.)

In evaluating a disability claim, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion carries more weight than a non-examining or examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).  If the treating or examining physician's opinions are not contradicted, they can be rejected only with "clear and convincing" reasons. *Lester*, 81 F.3d at 830.  If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995).  Historically, the courts have recognized

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -8

conflicting medical evidence, the absence of regular medical treatment during the alleged period of disability, and the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain as specific, legitimate reasons for disregarding a treating or examining physician's opinion. *Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995); *Fair*, 885 F.2d at 604.

The opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician. *Lester*, 81 F.3d at 831, citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 n.4 (9th Cir. 1990). However, the opinion of a non-examining physician may be accepted as substantial evidence if it is supported by other evidence in the record and is consistent with it. *Andrews*, 53 F.3d at 1043; *Lester*, 81 F.3d at 830-31. Cases have upheld the rejection of an examining or treating physician based in part on the testimony of a non-examining medical advisor; but those opinions have also included reasons to reject the opinions of examining and treating physicians that were independent of the non-examining doctor's opinion. *Lester*, 81 F.3d at 831, citing *Magallanes v. Bowen*, 881 F.2d 747, 751-55 (9th Cir. 1989) (reliance on laboratory test results, contrary reports from examining physicians and testimony from claimant that conflicted with treating physician's opinion); *Roberts v. Shalala*, 66 F.3d 179 (9th Cir. 1995) (rejection of examining psychologist's functional assessment which conflicted with his own written report and test results). Thus, case law requires not only an opinion from the consulting physician but also substantial evidence (more than a mere scintilla but less than a preponderance), independent of that opinion

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -9

1  which supports the rejection of contrary conclusions by examining or
2  treating physicians.  *Andrews*, 53 F.3d at 1039.

3      In this case, the opinion of Dr. Rosekrans, an examining
4  psychologist, is contradicted by the opinions of Dr. Bostwick, who
5  attributed Plaintiff's limitations primarily to substance abuse, and
6  Dr. McRae, who assessed less severe limitations.  (Tr. 180-81, 346.)
7  Thus, the ALJ was required to provide specific, legitimate reasons for
8  rejecting the opinion of Dr. Rosekrans.

9      The ALJ offered four reasons for rejecting Dr. Rosekrans'
10  opinion.  First, the ALJ indicated he assigned little weight to the
11  opinion because it is a check-box form report of a single examination,
12  predicated on self-report in a secondary gain context.  (Tr. 26.)  The
13  ALJ is correct that opinions on a check-box form or form reports which
14  do not contain significant explanation of the basis for the
15  conclusions may accorded little or no weight.  *See Crane v. Shalala*,
16  76 F.3d 251, 253 (9th Cir. 1996); *Johnson v. Chater*, 87 F.3d 1015, 1018
17  (9th Cir. 1996).  However, the ALJ's statement ignores the narrative
18  report prepared by Dr. Rosekrans and referenced four times on the DSHS
19  form report.  (Tr. 230-37, 240-41.)  Dr. Rosekrans' narrative provides
20  a detailed explanation of the basis for his opinion, including the
21  results of the diagnostic interview, mini-mental status examination,
22  and three other objective tests administered in arriving at his
23  conclusions.  (Tr. 230-36.)  Thus, the ALJ's implication that Dr.
24  Rosekrans' report deserved less weight because it was an inadequately
25  explained check-box form is not supported by the record and is
26  therefore not a legitimate reason for rejecting the report.

27      Furthermore, the opinions of examining physicians must be
28  considered by the ALJ.  *See* 20 C.F.R. § 404.1527; *Lester v. Chater*, 81

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -10

F.3d 821, 830 (9th Cir. 1995).  By definition, an examining physician does not have an ongoing relationship with a claimant.  The ALJ's suggestion that Dr. Rosekrans' report is inadequate because it is the result of a one-time examination leads to the conclusion that the opinions of all examining physicians or psychologists should be discarded.  By that reasoning, it would follow that the opinions of Dr. McRae and Dr. Bostwick should also be discarded, as neither psychologist examined Plaintiff.  The regulations and case law require consideration and appropriate weighting of examining physician opinions.  *Id.*  Thus, the ALJ's suggestion that Dr. Rosekrans' report should be rejected because it is based on a one-time exam is erroneous.

Additionally, the ALJ's assertion that Dr. Rosekrans' opinion "was predicated on self-report" is without foundation.  (Tr. 26.)  As explained above, Dr. Rosekrans' narrative includes the results of several objective tests considered in addition to Plaintiff's self-report.  The assertion that the report is based on self-report is not supported by the record and is therefore not a legitimate reason for rejecting Dr. Rosekrans' report.

The second reason given by the ALJ for assigning less weight to Dr. Rosekrans' report is that the definitions of limitations used by Department of Social and Health Services differ from the definitions contained in the regulations for assessing mental disorders.  (Tr. 26.)  The DSHS form completed by Dr. Rosekrans indicates a marked limitation involves "very significant interference with work-related activities" and a moderate limitation involves "significant interference with work-related activities."  (Tr. 238, 240.)  The regulations indicate a marked limitation is one of such degree "to

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -11

interfere seriously with your ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. Pt. 404, Subpt. P., App. 1, Listing 12.00(C)(1). While the definitions of "marked" differ on the two forms, the difference alone does not justify rejection of an opinion rendered on a DSHS form. Linguistic differences have little to do with the substance of a psychological evaluation and provide little justification for rejecting an adequately supported opinion. Thus, the second reason offered by the ALJ is not a legally sufficient reason for rejecting Dr. Rosekrans' report.

Another reason mentioned by the ALJ in rejecting Dr. Rosekrans' opinion is that the opinion is not entitled to "controlling weight" under 20 CFR 404.1527(e) and 416.927(e).[1] (Tr. 26.) While it is true that treating source opinions on issues reserved to the Commissioner are never entitled to controlling weight or special significance, "opinions from any medical source on issues reserved to the Commissioner must never be ignored." S.S.R. 96-5p. The regulations

---

[1]The regulations cited by the ALJ state that some issues are not medical opinions and are reserved to the Commissioner. Opinions on issues reserved to the Commissioner include opinions regarding whether a claimant is disabled; whether an impairment meets or equals a listing; residual functional capacity; and the application of vocational factors. 20 C.F.R. § 404.1527(e)(1) and (2); 20 C.F.R. § 416.927(e)(1) and (2). The regulations cited by the ALJ do not mention the term "controlling weight," but do state, "We will not give any special significance to the source of an opinion on issues reserved to the Commissioner. . . ." 20 C.F.R. 404.1527(e)(3).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -12

cited by the ALJ also state, "We use medical sources, including your treating sources, to provide evidence, including opinions, on the nature and severity of your impairment(s)."  20 C.F.R. 404.1527(e)(2) and 416.927(e)(2).  Even if Dr. Rosekrans' opinion solely addressed issues reserved to the Commissioner (and the court does not assert that it does), it should not have been rejected by the ALJ on that basis.  "The ALJ is required to evaluate all evidence in the case record that may have a bearing on the determination or decision of disability, including opinions from a medical source on an issue reserved to the Commissioner. . . . [T]he adjudicator must evaluate all the evidence in the case record to determine the extent to which the opinion is supported by the record."  S.S.R. 96-5p.  Thus, the conclusion that Dr. Rosekrans' opinion is not entitled to controlling weight is not in itself a specific, legitimate reason for rejecting the opinion.

The fourth reason mentioned by the ALJ for rejecting Dr. Rosekrans' opinion is that the responses on the DSHS form are contradicted by the corresponding narrative report.  (Tr. 26.)  The ALJ indicated that Dr. Rosekrans' narrative report depicts a person with "very minimal cognitive limitations," implying that minimal cognitive limitations means no mental limitations.  (Tr. 26.)  However, Dr. Rosekrans stated, "In the event that Shannon becomes stable enough to pursue and maintain employment, her intellectual functioning should not restrict her," suggesting other, non-cognitive mental limitations.  (Tr. 236.)  In fact, of the seven moderate or severe limitations assessed by Dr. Rosekrans on the DSHS evaluation form, three of the moderate limitations and both of the marked limitations were attributed to social factors rather than cognitive

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -13

1  factors.  (Tr. 240.)  Thus, although Dr. Rosekrans' findings perhaps
2  indicate little cognitive impairment, they also reflect a finding of
3  social impairment.  The ALJ did not discuss the social impairments
4  identified by Dr. Rosekrans or cite any other inconsistencies between
5  the check-box report and Dr. Rosekrans' narrative report.  Thus, this
6  reason is also inadequately supported by the evidence.

7      Other reasons may exist to reject Dr. Rosekrans' report, but the
8  ALJ did not address the report with specificity sufficient to allow
9  the court to review those reasons.  The court is constrained to review
10  only those reasons asserted by the ALJ.  *Sec. Exch. Comm'n v. Chenery
11  Corp.*, 332 U.S. 194, 196 (1947); *Pinto V. Massanari*, 249 F.3d 840,
12  847-48 (9th Cir. 2001).  While the court may make reasonable inferences
13  from the ALJ's discussion of the evidence, there must be discussion
14  from which to make those inferences.  *See Magallenes v. Bowen*, 881
15  F.2d 747, 755 (9th Cir. 1989).  Here, the ALJ did not cite acceptable
16  or adequately supported reasons for rejecting Dr. Rosekrans' report.
17  As a result, the ALJ did not provide specific, legitimate reasons for
18  rejecting the opinion of Dr. Rosekrans; therefore, the ALJ erred.

19      It is noted that the ALJ also rejected the report of Dr. Mabee,
20  another examining psychologist, for the same reasons he rejected Dr.
21  Rosekrans' opinion.  (Tr. 26, 331-38.)  While Plaintiff does not
22  object to the rejection of Dr. Mabee's report, the court concludes the
23  ALJ also failed to provide adequate specific, legitimate reasons for
24  rejecting Dr. Mabee's report for the same reasons discussed above.

25  **2.    Dr. McRae**
26      Plaintiff also argues the ALJ failed to acknowledge all of the
27  limitations identified by Dr. McRae, a state reviewing psychologist,
28  in the Mental Residual Functional Capacity Assessment form dated

February 24, 2005.  (Ct. Rec. 11 at 111-12.)  Dr. McRae identified moderate limitations in five areas: the ability to maintain attention and concentration for extended periods; the ability to work in coordination with or proximity to others without being distracted by them; the ability to interact appropriately with the general public; the ability to accept instructions and respond appropriately to criticism from supervisors; and the ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes.  (Tr. 180-81.)

Dr. McRae explained the assessed limitations as follows:

> She can rememberand [sic] carry out work instructions and tasks and be productive at those tasks despitre [sic] some disruption to her pesistence [sic] and sustaining her conc[entration].  She should work away from others msotly [sic] eg without constant contact with the public and co-workers because of her behavior distracting and irritating them at times.

(Tr. 182.)  The ALJ gave significant weight to Dr. McRae's Mental Residual Functional Capacity Assessment.  (Tr. 26.)  The ALJ also indicated the opinions of the state agency medical professionals regarding the nature and severity of an individual's impairments are granted probative weight as expert opinion evidence by a non-examining source.  (Tr. 26.)  The ALJ noted no treating physician opinion contradicts Dr. McRae's opinion and found the medical record supports the opinion.  (Tr. 26.)

The residual functional capacity assessment is the ALJ's ultimate finding after considering the opinion and other evidence of record. S.S.R. 96-5p.  "Residual functional capacity is what an individual can do despite his or her limitations."  S.S.R. 96-8p; *see also* 20 C.F.R. § 416.945(a)(1).  In assessing residual functional capacity, it is improper to find an individual has limitations or restrictions beyond

1  those caused by his or her medical impairment. S.S.R. 96-8p. The

2  residual functional capacity determination should include limitations

3  based on the relevant evidence in the record. *See* S.S.R. 96-8p. The

4  ALJ's residual functional capacity determination should be affirmed if

5  he applied the proper legal standard and the decision is supported by

6  substantial evidence. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217

7  (9th Cir. 2005).

8      The ALJ can call a vocational expert to testify about the jobs

9  available to a claimant, given the claimant's residual functional

10 capacity. *Tackett v. Apfel*, 180 F.3d 1094, 1101 (9th Cir. 1999). It

11 is proper for the ALJ to limit a hypothetical to those impairments

12 supported by the record. *Osenbrook v. Apfel*, 240 F.3d 1157, 1165 (9th

13 Cir. 2001).

14     The ALJ posed the following hypothetical to the vocational

15 expert:

16         All right Mr. Moreland, assume that we have an
           individual who is 34 years old with the
17         equivalent of a high school education, but some
           limitations with respect to reading, writing and
18         using numbers. We'll say she can at least
           function at a relatively simple level. She has a
19         work history that you just described and no
           exertional limitations. So, we'll say she could
20         have performed essentially at any exertional
           level. Some psychological limitations.
21         Primarily, she'd have difficulty interacting with
           others, either in a group situation at work or
22         with the general public. So we'll say she's, say
           she's capable of superficial contact for work
23         related purposes at least with the general public
           and coworkers.

24

25 (Tr. 23, 381-82.)

26     The ALJ's description of function at a "simple level" adequately

27 provides for limitations pertaining to Plaintiff's attention and

28 concentration, particularly because Dr. McRae indicated Plaintiff can

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -16

carry out work instructions and tasks and be productive despite her persistence and concentration limitations.  (Tr. 182.); *see Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008). Furthermore, the restriction of "superficial contact with co-workers" includes the assessment that Plaintiff "should work away from others" and be "without constant contact with the public and co-workers." (Tr. 182.)

The only limitation Dr. McRae marked with an "x" on the Mental Residual Functional capacity form but not accounted for in the ALJ's hypothetical to the vocational expert is a moderate limitation in the ability to accept instructions and respond appropriately to criticism from supervisors.  (Tr. 181.)  However, Dr. McRae did not mention the limitation regarding Plaintiff's relationship with supervisors in his narrative explanation.  (Tr. 182.)  The record does not reflect whether the ALJ overlooked the limitation or whether he intended to reject the limitation, and does not reflect whether the vocational expert's testimony would be different if the limitation on the relationship with supervisors is included in the hypothetical.  On remand, the ALJ should clarify whether the limitation on Plaintiff's relationship with supervisors is rejected, or whether it should be added to the hypothetical posed to the vocational expert.

**3.   Remedy**

The ALJ failed to provide sufficient reasons for rejecting the opinions of Dr. Rosekrans and Dr. Mabee, examining psychologists. There are two remedies where the ALJ fails to provide adequate reasons for rejecting the opinions of a treating or examining physician.  The general rule, found in the *Lester* line of cases, is that "we credit that opinion as a matter of law." *Lester v. Chater*, 81 F.3d 821, 834

1  (9ᵗʰ Cir. 1996); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9ᵗʰ Cir. 1990);

2  *Hammock v. Bowen*, 879 F.2d 498, 502 (9ᵗʰ Cir. 1989).  Another approach

3  is found in *McAllister v. Sullivan*, 888 F.2d 599 (9ᵗʰ Cir. 1989), which

4  holds a court may remand to allow the ALJ to provide the requisite

5  specific and legitimate reasons for disregarding the opinion.  *See*

6  *also Benecke v. Barnhart*, 379 F.3d 587, 594 (9ᵗʰ Cir. 2004) (court has

7  flexibility in crediting testimony if substantial questions remain as

8  to claimant's credibility and other issues).  Where evidence has been

9  identified that may be a basis for a finding, but the findings are not

10  articulated, remand is the proper disposition.  *Salvador v. Sullivan*,

11  917 F.2d 13, 15 (9ᵗʰ Cir. 1990) (citing *McAllister*); *Gonzalez v.*

12  *Sullivan*, 914 F.2d 1197, 1202 (9ᵗʰ Cir. 1990).  In this case, there may

13  be evidence in the record which the ALJ could cite to provide the

14  requisite specific, legitimate reasons for rejecting the opinions of

15  Dr. Rosekrans and Dr. Mabee.  Accordingly, remand is the proper

16  remedy.

17  **CONCLUSION**

18  Having reviewed the record and the ALJ's findings, the court

19  concludes the ALJ's decision is not supported by substantial evidence

20  and is based on legal error.  On remand, the ALJ should reconsider the

21  opinions of Dr. Rosekrans and Dr. Mabee and support his findings with

22  specific, legitimate reasons supported by substantial evidence in the

23  record.  The ALJ should also clarify his finding regarding all of the

24  limitations assessed by Dr. McRae.  If necessary, the ALJ should make

25  a new residual functional capacity finding and obtain additional

26  testimony from a vocational expert.  Accordingly,

27  **IT IS ORDERED:**

28  1.  Plaintiff's Motion for Summary Judgment **(Ct. Rec. 10)** is

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT –18

1  **GRANTED**.   The matter is remanded to the Commissioner for additional

2  proceedings pursuant to sentence four 42 U.S.C. § 405(g).

3       2.   Defendant's Motion for Summary Judgment **(Ct. Rec. 13)** is

4  **DENIED.**

5       3.   An application for attorney fees may be filed by separate

6  motion.

7       The District Court Executive is directed to file this Order and

8  provide a copy to counsel for Plaintiff and Defendant.   Judgment shall

9  be entered for Plaintiff and the file shall be **CLOSED**.

10      DATED October 2, 2009.

11

12                    S/ CYNTHIA IMBROGNO
                 UNITED STATES MAGISTRATE JUDGE
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT –19